United States District Court
Central District of California

UNITED STATES OF AMERICA vs.      Docket No. CR00-817-ABC
Defendant Aerick Wesley Brown     Social Security No. 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
akas: Aerick Brown; Aerick W. Brown
Residence 23245 Collin St.,     Mailing Address:
Address    Woodland Hills, Ca. 91367

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person,
on this date: _____Oct. 30, 2000_____
Month / Day / Year

COUNSEL: __XX__ WITH COUNSEL Gregory Nicolaysen, appt'd-8530 Wilshire Blvd., Ste 404
                       (Name of Counsel)           Beverly Hills, Ca. 90211

PLEA:      __XX__ GUILTY, and the Court being satisfied that there is a factual basis for the plea.

FINDING:   There being a finding of_X_ GUILTY, defendant has been convicted as charged of the offense(s)
of: securities fraud, in violation of 15 USC 78j(b), 78ff, and 17 CFR 240.10b-5; 18 USC 2(b), as charged
in counts 1 and 2 of the Information.

JUDGMENT AND PROBATION/COMMITMENT ORDER:
    The Court asked whether defendant had anything to say why judgment should not be pronounced.
Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the
defendant guilty as charged and convicted and ordered that: the defendant shall pay to the United States a Special Assessment of $200.00, which is due immediately. IT IS FURTHER ORDERED that the defendant shall pay restitution in the total amount of $7,640,415.00, to the following aggrieved parties in the following amounts: to First Security Van Kasper, Inc., c/o Keesal, Young & Logan, Four Embarcadero Center, Suite 1500, San Francisco, Ca. 94111, attn: Julie A. Kole, the amount of $2,243,019.00; and to U.S. Bancorp Piper Jaffray, 800 Nicollet Mall, Suite 800, Minneapolis, Mn. 55402, attn: Brian S. Hellburg, Asst. General Cnsl, the amount of $5,397,396. If the defendant makes a partial payment, each payee shall receive approximately proportional payments unless another priority order of percentage payment is specified in this judgment. Restitution shall be due during the period of imprisonment, as directed by the Court or the United States Attorney, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least $200.00 shall be made during the period of supervised release. These payments shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered. Pursuant to 18 USC 36126(f)(3)(A), interest on the restitution ordered is waived. Payments may be subject to penalties for default and delinquency pursuant to 18 USC 3612(g). If any amount of restitution ordered remains unpaid after the termination of supervision, the balance shall be paid as directed by the US Attorney's Office. Until restitution has been paid in full, the defendant shall notify the US Attorney General of any change in the defendant's mailing address or residence address, no later than thirty (30) days after the change occurs. The defendant shall notify the Court, through the Probation Office, and the US Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. Pursuant to Section 5E1.2(e) of the guidelines, all fines are waived.
Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the court the defendant is hereby committed to the Bureau of Prisons to be imprisoned for a term of: thirty (30) months, on each of counts 1 & 2, concurrently. IT IS RECOMMENDED that the Bureau of Prisons designate the defendant to an Intensive Confinement Center (ICC). Upon release from custody, including release from an Intensive Confinement Center, the defendant shall be placed on Supervised Release a term of three (3) years, on each of counts 1 & 2, concurrently, under the following terms and conditions: 1) the defendant shall comply with the rules and regulations of the US Probation Office and General Order 318; 2) the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to 1 drug test within 15 days of release from imprisonment/placement on supervised release and at least 2 period drug tests thereafter, as directed by the Probation Officer; 3) during the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment; 4) as directed by the Probation Officer, the defendant shall provide to the Probation Officer a signed release authorizing credit report inquiries, federal and state income tax

-----------------------------------------continued on page two------------------------------------
page one of two.

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this Judgment:

1. The defendant shall not commit another Federal, state or local crime;

2. The defendant shall not leave the judicial district without the written permission of the court or probation officer;

3. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

4. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5. The defendant shall support his or her dependents and meet other family responsibilities;

6. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7. The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

8. The defendant shall refrain from excessive use of alcohol and shall not purchase, posses, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

9. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

10. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11. The defendant shall permit a probation officer to visit him or her ant any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

12. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

13. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make notifications and to conform the defendant's compliance with such notification requirement;

15. The defendant shall not possess a firearm or other dangerous weapon;

16. The defendant shall, upon release from any period of custody, report to the probation officer within 72 hours.

*The conditions are in addition to any other conditions imposed by this Judgment.*

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____, the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

UNITED STATES MARSHAL

DATED: _____ BY: _____

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT

DATED: _____ BY: _____

AO-245-B (01/90)   JUDGMENT AND PROBATION/COMMITMENT ORDER

United States District Court
Central District of California

UNITED STATES OF AMERICA
vs

Docket No. <u>CR00-807-ABC</u>

Defendant <u>Aerick Wesley Brown</u>

DATE: <u>Oct. 30, 2000</u>

| JUDGMENT AND PROBATION/COMMITMENT ORDER |

continued from page 1

returns, and an accurate financial statement with supporting documentation as to all assets, income, and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer; 5) the defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $100.00 without approval of the Probation Officer until restitution has been paid in full; 6) the defendant shall participate in a psychological/psychiatric counseling or treatment program, as approved and directed by the Probation Officer; 7) the defendant shall maintain a single checking account in his name. All income, monetary gains or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. All other bank accounts shall be disclosed to the Probation Officer; 8) the defendant shall not engage, either directly or indirectly, as an employee, private person, or in any other capacity, in any activity involving the acquisition, sale, conveyance or transfer of stocks, securities, or any other investments, without the express approval of the Probation Officer; and 9) the defendant shall not solicit or cause to be solicited, any individuals or institutions for the purpose of opening accounts on their behalf with broker-dealers. The Court states the justification of sentence on the record. The Court notes the defendant has waived his appeal rights. The defendant is advised of the appeal rights. IT IS FURTHER ORDERED that the defendant shall self-surrender to the designated facility no later than noon on Jan. 25, 2001, or if no designation is made, to the US Marshal, located at the US Courthouse, 312 N. Spring St., L.A., Ca. 90012, on the same date, at the same time. Bond, together with any accrued interest, if applicable, is exonerated upon surrender.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release set out on the reverse side of this judgment be imposed. the Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

Signed by: _____
AUDREY B. COLLINS, US DISTRICT JUDGE

It is ordered that the Clerk deliver a certified copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

Dated/Filed _Nov. 3, 2000_
Month / Day / Year

By _Daphne Alex_
Daphne Alex, Deputy Clerk

page two of two pages

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this Judgment:

1. The defendant shall not commit another Federal, state or local crime;

2. The defendant shall not leave the judicial district without the written permission of the court or probation officer;

3. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

4. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5. The defendant shall support his or her dependents and meet other family responsibilities;

6. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7. The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

8. The defendant shall refrain from excessive use of alcohol and shall not purchase, posses, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

9. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

10. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11. The defendant shall permit a probation officer to visit him or her ant any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

12. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

13. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make notifications and to conform the defendant's compliance with such notification requirement;

15. The defendant shall not possess a firearm or other dangerous weapon;

16. The defendant shall, upon release from any period of custody, report to the probation officer within 72 hours.

The conditions are in addition to any other conditions imposed by this Judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____, the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

UNITED STATES MARSHAL

DATED: _____    BY: _____

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT

DATED: _____    BY: _____

AO-245-B (01/90)    JUDGMENT AND PROBATION/COMMITMENT ORDER